UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONGZHI CHI (A-206-592-174),<br>Petitioner,<br>v.<br>MINGA WOFFORD, et al.,<br>Respondents. | Case No. 1:26-cv-03151 DC-CSK<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Rongzhi Chi (A-206-592-174), a noncitizen, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his re-detention by U.S. Immigration and Customs Enforcement ("ICE"). (ECF No. 1.) Petitioner argues that his March 2026 re-detention after he was granted withholding of removal by an immigration judge in August 2018 violates his due process rights under the Fifth Amendment, the Immigration and Nationality Act ("INA"), and the Administrative Procedure Act ("APA"). (Id. (claims one through five).) On April 30, 2026, the district court granted petitioner's motion for a preliminary injunction and ordered petitioner released. (ECF No. 10.) For the following reasons, this Court recommends that the petition be granted.

## I. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every

individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001). Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention).

## II. DISCUSSION[1]

On April 24, 2026, petitioner filed a habeas petition and a motion for a temporary restraining order. (ECF Nos. 1, 2.) On April 27, 2026, the district court directed respondents to file a response to the motion and substantively address whether there are any factual or legal issues in this case that render it distinct from the district court's prior orders in Hoac v. Becerra, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771 (E.D. Cal. July 16, 2025), Vuong v. Becerra, No. 1:25-cv-01847-DC-CSK, 2025 WL 3707172 (E.D. Cal. Dec. 22, 2025), and El-Ghazaly v. Chestnut, No. 1:25-cv-01621-DC-CKD, 2025 WL 3485030 (E.D. Cal. Dec. 4, 2025). (ECF No. 6.) On April 29, 2026, respondents filed a return to the petition and an opposition to the motion for a temporary restraining order, indicating they do not intend to file any additional affirmative briefing and do not oppose the district court ruling on count one of the petition. (ECF No. 8.) Respondents acknowledged that this case does not appear to present any facts or legal arguments distinguishing it substantively from the cases identified by the district court, petitioner was granted withholding of removal by the immigration court and noted that ICE was "awaiting

[1] The factual and procedural background previously presented in the district judge's order is incorporated herein. (See ECF No. 10.)

identification of a third country for removal." (See id. at 2.)

On April 30, 2026, the district court noted respondents' concession that there are no factual or legal issues in this case that render this case distinct from the cases cited in the April 27, 2026 order, converted petitioner's motion for a temporary restraining order to a motion for preliminary injunction, and granted the injunction based on the reasoning in Hoac, Vuong, and El-Ghazaly. (ECF No. 10.) In addition to granting petitioner's immediate release, the district court enjoined and restrained respondents from "re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, strict compliance with the requirements of 8 C.F.R. § 241.13(i)." (Id.) The district court referred this action to the assigned magistrate judge for further proceedings. (Id.) Where the parties previously submitted briefs on the merits, briefing is completed. (See Docket.)

Where the merits briefing was before the district court when it ruled on the motion for a preliminary injunction, this Court does not find a basis to depart from the district court's prior findings. This Court recommends that the petition for writ of habeas corpus be granted on the statutory and procedural due process claim based on a finding that respondents have not established "changed circumstances such that there is now a significant likelihood" that petitioner will be removed to China in the reasonably foreseeable future where petitioner was granted withholding of removal to China in August 2018, the removal period has long expired, and the government had not even identified a third country for removal at the time it submitted its return to the petition over one month after petitioner was re-detained. See Hoac, 2025 WL 1993771, at *4; Nguyen v. Hyde, 788 F. Supp. 3d 144, 149 (D. Mass. 2025); Nguyen v. Scott, 796 F. Supp. 3d 703, 725 (W.D. Wash. 2025); 8 C.F.R. §§ 241.13(i), 241.4(l); ECF No. 10.

Because the resolution of the statutory and procedural due process claim (claim three) provides the relief requested, the Court need not reach the remaining claims (claims one, two, four, and five). See N.K. v. Noem, No. 1:26-cv-0292 KES SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026); Constantinovici v. Bondi, No. 3:25-cv-2405 RBM AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025).

///

## III. CONCLUSION

In summary, the Court recommends that the petition for writ of habeas corpus be granted on petitioner's statutory and procedural due process claim (claim three).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2. A permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner Rongzhi Chi (A-206-592-174) absent compliance with constitutional protections, which include, at a minimum, compliance with the requirements for revocation of release, 8 C.F.R. § 241.13(i), and any other applicable statutory and regulatory procedures.

3. The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 29, 2026

Chi Soo Kim

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/chi.3151.26.frs